# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No. 06-1232-KMH |
| ) | |
| **$49,888.00 IN UNITED STATES** ) | |
| **CURRENCY,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| **RUBY GONZALEZ,** ) | |
| ) | |
| **Claimant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On April 11, 2007, the court ordered claimant Ruby Gonzalez to "fully and completely" respond to plaintiff's interrogatories and production requests by April 20, 2007. (Doc. 26). Moreover, Gonzalez was admonished that failure to comply with the order could result in the imposition of sanctions, "up to and including entry of a default judgment." Id. Gonzales failed to comply with the April 11 order or otherwise provide discovery responses and this matter is before the court on plaintiff's motion to strike her claim. (Doc. 30). Claimant opposes the motion to strike, arguing that she planned to file a motion to suppress by May 25, 2007 and that her failure to provide discovery responses "in no way restricts the government's ability to defend [her soon to be filed] motion to suppress." (Doc. 31, p. 2).

As of the date of this opinion, no motion to suppress has been filed. More importantly, the filing of such a motion does not excuse claimant's failure to comply with the court's April 11 order. Because she failed to comply with the April 11 order, the court must now turn to the issue of sanctions.

The standards for imposing sanctions are well established:

> Rule 37(b)(2)(c) authorizes the district court to strike pleadings or render a default judgment against a party as a sanction for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2). Because this constitutes an extreme sanction, the court ordinarily must consider a number of factors before imposing it, including: (1) the degree of actual prejudice to the other party, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lessor sanctions.

United States v. $61,980 in U.S. Currency, 2004 WL 3048843 at *2 (D. Kan. December 30, 2004).

In this case the United States has suffered prejudice because it is unable to prepare for trial without the requested discovery. Moreover, claimant's refusal to provide discovery responses has interfered with the judicial process and essentially brought this case to a halt. Claimant's refusal to provide discovery responses was intentional and part of a belated strategy of litigating this dispute in a piecemeal fashion without regard to the court's order. The court further finds that lesser sanctions under the circumstances would not be effective

in bringing about compliance with the court's order.[1]  Finally, claimant was warned that failure to comply with the April 11 order could result in claimant's claim being stricken.  Accordingly, the court concludes that such a sanction is warranted in this case.

**IT IS THEREFORE ORDERED** that the United States' motion to strike the claim of Ruby Gonzales for failure to comply with the court's discovery order **(Doc. 30)** is **GRANTED.**  The claim and answer of Ruby Gonzales is hereby **STRICKEN** as a sanction for her willful failure to comply with the court's April 11, 2007 order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of June 2007.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[1] Plaintiff's discovery requests were originally served on December 11, 2006 and, despite (1) repeated informal requests from plaintiff's counsel, (2) a motion to compel, and (3) a court order, claimant has delayed providing discovery responses for over six months.